UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ZOLIA SLACK,<br><br>   Plaintiff,<br><br>v.<br><br>PRIMERICA LIFE INSURANCE COMPANY, a Massachusetts Corporation; PRIMERICA FINANCIAL SERVICES, INC., a Nevada Corporation; CITIGROUP INC., a Delaware Corporation; DOE Defendants 1 through 10, inclusive; and ROE Corporations 1 through 10, inclusive,<br><br>   Defendants. | 2:08-CV-01425-PMP-RJJ<br><br>O R D E R |

  Defendants Primerica Life Insurance Company, Primerica Financial Services, Inc. ("Primerica Financial"), and Citigroup Inc. filed a Notice of Removal (Doc. #1) on October 20, 2008. Defendants removed the action to this Court on the basis of diversity jurisdiction and assert that Plaintiff Zolia Slack fraudulently joined Primerica Financial to destroy this Court's diversity jurisdiction.

  The Court is obligated to address subject matter jurisdiction sua sponte. Williams v. United Airlines, Inc., 500 F.3d 1019, 1021 (9th Cir. 2007). The Court has diversity jurisdiction in civil actions that take place between citizens of different states and involve a matter in controversy in excess of $75,000. 28 U.S.C. § 1332(a). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549

F.3d 1223, 1234 (9th Cir. 2008). The Court must remand an action if the Court finds it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

Here, the Amended Complaint alleges both Plaintiff and Primerica Financial are Nevada residents. Because complete diversity does not exist on the face of the Amended Complaint, this Court's subject matter jurisdiction depends on a finding of fraudulent joinder. When a "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent and removal is proper." Gardner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007) (quotations omitted). The party seeking removal bears the burden of establishing removal jurisdiction. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838, amended by 387 F.3d 966 (9th Cir. 2004); see also McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent."). Because proper subject matter jurisdiction is necessary for the Court to hear this case, the Court orders the parties to brief the alleged fraudulent joinder of Primerica Financial and the Court's diversity jurisdiction.

IT IS THEREFORE ORDERED that both parties shall file cross briefs on whether this Court has proper subject matter jurisdiction in light of Plaintiff's alleged fraudulent joinder of Primerica Financial by March 3, 2009. The parties shall file cross responses no later than March 13, 2009. The parties shall not file replies.

DATED: February 9, 2009.

_____
PHILIP M. PRO
United States District Judge